UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARCUS D. WHITE, | : | Case No. 3:22-cv-237 |
| Petitioner, | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| STATE OF OHIO, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATIONS[1]

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has submitted a petition for a writ of habeas corpus challenging his Franklin County, Ohio convictions and sentence. (Doc. 1).

On July 15, 2022, prior to the commencement of this case, petitioner initiated a habeas corpus action in *White v. Warden*, Case No. 2:22-cv-2804 (Graham, J.; Silvain, M.J.) (S.D. Ohio July 15, 2022). In that case, petitioner filed exhibits from his state-court proceedings, but failed to submit a habeas corpus petition. A Deficiency Order was entered on July 28, 2022, ordering petitioner to submit a completed and signed petition for habeas corpus specifying the conviction and sentence he wishes to challenge, his grounds for relief, and the specific relief sought within thirty (30) days. *Id.* at Doc. 2.

Based on the Court's review of the submissions in both cases, it appears that the petition filed in this case was responsive to the Court's July 28, 2022 Deficiency Order in Case No. 2:22-cv-2804. The caption of the petition includes Case No. 2:22-cv-2804 and petitioner attaches the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

same exhibits submitted in the earlier action. (*See* Doc. 1 at PageID 1, 17-29). Accordingly, because the instant petition was inadvertently filed in this case,[2] the Clerk of Court is **DIRECTED** to file the petition and exhibits (Doc. 1) in Case No. 2:22-cv-2804. Should the Court have misunderstood petitioner's intentions, he may indicate so in an objection to this Report and Recommendations.

This case should be dismissed as duplicative of the action currently pending in Case No. 2:22-cv-2804. The Supreme Court has explained that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A federal district court has the inherent power to dismiss an action when it is duplicative of another action pending in that court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.).

Accordingly, it is hereby **RECOMMENDED** that this action be summarily **DISMISSED** without prejudice to petitioner's prosecution of the duplicative habeas petition which is currently pending before the Court in *White v. Warden*, Case No. 2:22-cv-2804 (Graham, J.; Silvain, M.J.) (S.D. Ohio July 15, 2022). *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining

---

[2] Petitioner initiated Case No. 2:22-cv-2804 in the Columbus location of Court, but submitted the petition filed in this case to Dayton. (*See* Doc. 1 at PageID 16). The undersigned notes that because petitioner seeks to challenge his Franklin County, Ohio convictions and sentence the petition is properly venued in Columbus. *See* S.D. Ohio Civ. R. 82.1(f).

pending action); *Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (the dismissal of the duplicative habeas petition was "without prejudice").

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendations to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendations would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

September 6, 2022    *s/Peter B. Silvain, Jr.*
                     Peter B. Silvain, Jr.
                     United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).